By the Court, Moncrief, J.
The plaintiff did not claim the property in question as a purchaser. Hence no question of. good faith could arise, save as to the fact of an actual indebtedness to him by Smith the mortgagor, and as to this there was no controversy or dispute. The mortgage to the defendant, of April, 1857, never having been renewed, as against the claim of the plaintiff under his subsisting lien, was of no avail, and. could not override it. • Again, the mortgage to the defendant had been canceled by-payment. Moreover, the claim paade by the defendant arises under a mortgage executed by Smith and one Sherman T. Stone, and the defendant,. subsequent to the execution and delivery thereof, accepted a transfer and entered into the possession . of the property, subject to a mortgage-made by Smith alone,. by a conveyance executed by him. . There was no evidence offered *445 tending to controvert the fact of the payment of the defendant’s mortgage. The defendant was estopped from claiming a priority for any indebtedness to himself, by accepting the transfer of the property expressly subject to the mortgage held by the plaintiff. (Horton v. Davis, 26 N. Y. Rep. 495.) Even if this were not so, the defendant voluntarily became the bailee of the plaintiff, accepting possession of the property as belonging to, and promising to return the same to him, when requested so to do. There was no new condition of things tending in any degree to change either the facts within the knowledge of the defendant, or the relation of the parties to each other ; the law as well as justice requires, and good morals demand, that the defendant shall fulfill his promise and restore the property to the plaintiff. There was, therefore, no error in excluding the proffered evidence, as it would not constitute a defense.
Finding no error, and the exceptions taken to be untenable, I am of opinion that the judgment and order should be affirmed.
Judgment and order affirmed.